Thank you, your honor. Good morning, and may it please the court. My name is Ben Coleman. I represent Mr. Elam, and I'll watch the clock. Baptiste, which was decided last week, I think has eliminated a lot of what I was going to say today. I do agree with the government that Baptiste does foreclose our sentencing argument. However, I do think that there is some language in Baptiste that may be helpful, and there is a distinguishing feature of this case from Baptiste. And that is that at the end of the Baptiste decision, in footnote, I believe it's two, the last footnote, albeit dicta, this court suggested that the Fair Sentencing Act should apply to sentencing proceedings that occur after the date of enactment of the Fair Sentencing Act, even if the conduct occurred before the date of the Fair Sentencing Act. And of course, in the concluding language in Baptiste, this court recognized the unfairness of continuing to impose sentences in accordance with the old mandatory minimums. Given that, I think that there is a major distinguishing factor here, and that is that there was a motion to withdraw a guilty plea in this case. And I think given that language in Baptiste, what this court could do is it could remand the case back to the district court for reconsideration of the motion to withdraw the guilty plea. And the district court at that point could consider whether the change in the law with respect to the enactment of the Fair Sentencing Act does constitute a fair and just reason to withdraw the guilty plea in this case. I think the language in Baptiste at the end discusses the inherent unfairness of the situation of a defendant being sentenced pursuant to mandatory minimums that are now recognized as having a racially discriminatory impact. And I think that the fair and just reason standard for withdrawing a guilty plea can consider the basic fairness of whether it was, I guess, fair for Mr. Elan to be sentenced under this law. And that the district court could at that point reconsider her decision not to allow the withdrawal of the guilty plea and allow a withdrawal of the guilty plea. And then, of course, Mr. Elan perhaps could re-plead and get re-sentenced under the new law. Don't we have another problem, though, in that there is an appeal waiver in his plea agreement? I don't think that would be a problem for this argument because the appeal waiver only applies to a sentencing claim. It doesn't apply to the withdrawal of the guilty plea claim. So we are properly before the court on the appeal of the motion to withdraw the guilty plea. And that is not barred by the appellate waiver in the plea agreement. So I don't think that that is an obstacle for the court. And we have, of course, raised on appeal. Can you just help me understand that part of it? Because the appeal waiver says won't appeal the plea agreement, right? With a few exceptions that aren't applicable. Well, I believe that there are a couple of things. One, I think under the language of the plea agreement and the appeal waiver, there is nothing in there about waiving the ability to appeal the denial of withdrawal of a guilty plea. And any ambiguity in the plea agreement has to be construed against the government, who was the drafter of the plea agreement. And this court has a line of cases on that issue. Also, I think traditionally ---- Excuse me, counsel. Surely if we remand, we're dealing with the sentence if we allow him to withdraw his guilty plea. Isn't that true? What I'm suggesting is that this court can remand to the district court to reconsider the motion to withdraw the guilty plea. But if it reconsiders, says that he may withdraw, that affects the sentence. There will be no sentence. Correct. And then he could either proceed to trial or he could ---- Is that what the waiver is all about? Well, the waiver, I believe the waiver in the plea agreement is just about the sentence, about whether you can appeal the sentence. And the government can correct me if I'm wrong, but I think traditionally the appeal waivers have never been construed to mean that you're also waiving the ability to appeal the denial of a motion to withdraw a guilty plea. Like the validity of a guilty plea, the validity of the plea itself sort of is a threshold issue. And only if the plea is valid and the withdrawal of the plea was properly denied do you then even get to the appeal waiver in the plea agreement. So that's sort of a threshold step. And I don't ---- the government may disagree, but I don't believe that the government has typically argued that you can't even appeal the denial of withdrawal of the guilty plea. And they have it in their brief. Well, doesn't that depend upon whatever the waiver says? It does. And this waiver doesn't say anything about the inability to appeal the denial of withdrawal of a guilty plea. And that's why the government did not make that argument in the brief. In their brief, they did not argue that the plea withdrawal issue was waived. They only argued that the sentencing claims were waived. So they have waived the waiver to a certain extent. So I do think that the issue of the plea withdrawal is properly before the court. It hasn't been waived by the plea agreement. And even if there were language to that effect, the government has waived the waiver argument. So the question now is just simply whether the court, in its discretion, could remand the case back to the district court for reconsideration of the plea withdrawal motion. And it would be up to the district court to determine whether the new law constitutes a fair and just reason to allow Mr. Elam to withdraw his guilty plea. So in your briefing, the fair and just reasons focused more on his competence than whether it was knowing and voluntary. That's correct. And your suggestion today is an additional reason would be the FSA, or the existence of the FSA, even though we've said it's not retroactively applicable. So is this a way of getting around the ruling that it's not retroactively applicable? Yes. But I don't think it's an appropriate way to get around it. And the reason why, obviously our arguments have somewhat shifted because last week Batiste was decided. But I think the language in Batiste would support a district court determining that there is a fair and just reason to withdraw the guilty plea. In addition, the government in their 28-J letter cited the First Circuit's decision in Douglas, which we didn't have before. And Douglas has held that the Fair Sentencing Act applies to sentencing proceedings that occur right now after the enactment of the FSA, even if the conduct occurred before the FSA. So we now have some authority that would allow a district court in its discretion to determine that there is a fair and just reason to withdraw the guilty. But you cited the footnote 2 in Batiste, and as I read it, it would be especially egregious to require judges to continue to require that courts impose unfair and unreasonable sentences on those offenders who have not yet been sentenced. And our position would be that if this case was remanded, the district court could reconsider its decision on the plea withdrawal. If the district court changed its mind and allowed Mr. Elam to withdraw his guilty plea, his guilty plea would be withdrawn. And then he would have either a jury trial or he can negotiate a new plea agreement and then get resentenced pursuant to a new plea agreement. And then the sentencing would be after the Fair Sentencing Act came into effect. It would be a new sentencing proceeding. How does that relate to the Supreme Court decision in Abbott? We agree. Abbott has foreclosed our argument about the 924C count. We submitted the opening brief before Abbott was decided, and we agree that Abbott has foreclosed that argument. But I think that's a separate issue, and we do concede that. Do you want to save some time? Sure. Thank you very much. Good morning, Your Honor. Joe Akaterianakis on behalf of the United States. This court's issue that counsel referred to that's before this court is the correctness of the district court's earlier decision to deny the motion to withdraw the guilty plea. And that ruling was not incorrect, and so there would be no basis to send this back to the district court for her to consider the argument that counsel is now making. Could we do that, though? I mean, so in other words, he's arguing that this decision, but he's saying that FSA is not retroactive, is itself an event that could be considered by the district court. I'm not exactly sure how we would get there, but are we foreclosed from doing that? I don't think that this court can do that. That's not an argument that was made in the district court whose decisions this court is revealing. He didn't, for example, in the district court say, you know, there is a movement afoot to repeal these mandatory minimum sentences, and I think that the fact that it looks like that's going my way in the future is a just reason to allow me now to withdraw my guilty plea. I'm saying back when he actually made that motion. He didn't make that argument. The district court made its decision based on the arguments that, in fact, were made, and now this court is reviewing the correctness of the district court's decision in that regard. The other problem with, well, among the other problems with the argument that was just made at the lectern is that if this court did send it back and the defendant was allowed to withdraw his guilty plea and went to trial and was convicted, he would in any event face a 20-year mandatory minimum sentence, not the 25-year mandatory minimum, if he was only convicted on these charges. But on, I'm sorry, if he was convicted on all the charges. If he was convicted on all the charges and this court decided the Curl case, which is now before the court yet to be argued, I believe, but it's referenced in the defendant's reply brief. If that decision goes the other way against the defendant, then this defendant would get a mandatory life imprisonment sentence. Even if Curl goes in favor of this defendant, the defendant's sentencing range would be, without getting into all the permutations and whatever, the sentencing range would be 482 months to life. And I would point out to this court that unlike the district court in Baptiste, Chief Judge Collins was not complaining about having a heartache or anything about sentencing Mr. Elam to a guideline sentence. In fact, she found that the sentence that she imposed was not more than necessary to achieve the purposes described in Section 3553A. And more than that... Well, how can you describe much to the fact that some judge doesn't state on the record that I really don't like this sentence? I mean, judges aren't expected necessarily to say that. No, yes, Your Honor, that's true. But if the court reviews the sentencing hearing transcript, the court will see that Judge Collins was not saying that. She, in fact, was saying the opposite. She pointed out how the defendant was a career offender, that he was dealing drugs in a housing project that I can tell the court is on the border of Bloods and Crips territory in South Central Los Angeles. It is a bloodbath there, mostly on account of fighting over a turf war over who's going to deal drugs where. And the defendant is selling crack cocaine in a place where a lot of people live, including young children. And he's doing it with a sawed-off shotgun loaded with slug ammunition, 80-caliber rounds, Your Honor, a handgun. In other words, she didn't feel it was an unfair and unjust sentence. No, and said as much, Your Honor. And to amplify on Judge Akuta's point about the appellate waiver, not only is there an appellate waiver in this case, but the defendant in this case stipulated to his sentence. On page 10 of the plea agreement, I believe it's paragraph 22, the parties agreed that an appropriate sentence in this case was 300 months. So it's not only just that he waived his right to appeal this sentence, he stipulated to the sentence. We stipulated to the sentence for the sake of having this case done and over with, although here I am eight years later, still not there, hopefully close. But you agree that the appeal waiver doesn't affect his argument that the district court was wrong and not letting him withdraw his plea agreement? I am not contending that the appellate waiver in this case  My office, although the district judges in my district are now and have been for years complaining about the length of our plea agreements, we've now in response to this sort of case added another paragraph saying that you also cannot appeal your conviction that you're pleading guilty. But that wasn't in here, so you're not making that argument? Yes, Your Honor, that's correct. I'm able to address anything that the court wants to hear about as far as the motion to withdraw the guilty plea, but what I can say in summary is that there were initial questions raised about this defendant's competency. They first arose, incidentally, when the charges against the defendant changed from a firearms charge and pre-indictment negotiations, or rather plea negotiations, and then a superseding indictment, pursuant to which the defendant would now face a mandatory sentence of life in prison. So he starts talking like he has mental issues. And with that in mind, the parties asked the court to have him evaluated. He was evaluated. There were a series of evaluations, including an evaluation by a court-appointed expert about the effects of the medication on the defendant's ability to plead guilty immediately, or virtually immediately, before he offered his guilty plea. The court made a number of credibility findings over the course of those years in regard to many of those witnesses. The court made a conclusion about the defendant's competency. The court certainly, in her last order on the motion to withdraw the guilty plea, acknowledged that the defendant has a history of malingering, the symptoms of his mental health illness. The district court, in her order rejecting the defendant's motion to withdraw his guilty plea, identified the correct standard. She then discussed the factual assertions that the defendant was making in support of his motion. She discussed that standard in the context of those factual assertions. And her decision really is a rejection of all of the factual assertions that the defendant made in support of his motion to withdraw the guilty plea, which I should point out to the court, there was no new medical evidence offered. There was no assertion that the district judge, a very careful district judge, who took a lot of years to deal with this, no assertion that she at any point overlooked anything. All it was was the defendant now saying, here's my declaration. It's one page. I have three reasons, two of which are continued to be asserted on this appeal. I have three reasons upon which I want to withdraw my guilty plea, and which I think are fair and just reasons. The district court, as a factual matter, rejected all of those, making credibility findings against the defendant, preferring his earlier under oath statements at the Rule 11 guilty plea hearing over his declaration. And then, having rejected the factual bases for the defendant's, all of the asserted factual bases for the defendant's motion to withdraw his guilty plea, Judge Collins found that the defendant hadn't met his burden of putting forth a fair and just reason and properly rejected the defendant's request that he withdraw his guilty plea. Unless the court has, I have time left, but if the court has no questions. In my reading, I thought that the guilty plea hearing itself was extraordinarily long. Do you remember from the record how long it was? Well, I didn't time it, Your Honor, but it may well, but I was representing the government at that hearing, and it may well have been a record in my district. It was, it went on and on. The court, at length, heard from defense counsel about his many interactions, his expert's interactions. Incidentally, the court, who had a later evidentiary hearing, heard the testimony of that expert. If this court has any doubt, any doubt about the defendant's competency or whether he understood what was going on at the time that he offered his guilty plea, I would urge the court to read the testimony of Dr. Crandall. That was the lady, she's a psychiatrist and a medical doctor who evaluated the defendant. It begins on page 120 of the government's excerpts of the record. And Dr. Crandall talks about how the defendant's competent, he had no difficulty communicating, he's faking. She agreed with all the other experts that he was malingering, he hadn't made any suicide attempt. She talks about the differences between a forensic evaluation, which she did, and which some of the other physicians, all of whom found the defendant to be competent, did, versus a treatment evaluation where you take the statements at face value, and the people who did the treatment evaluation are all of the doctors that the defendant is referring to in his brief who just took the defendant at his word that he has mental illness, and that's why you have sort of doctors on both sides. But all the ones who did a forensic evaluation, with the exception of Dr. Tehrani, who acknowledged the limitations of what she was able to do interviewing the defendant twice in the jail, all of them found the defendant to be faking his mental health symptoms. I'm out of time, I think. No, I have more time. No, you are okay. I am out of time. Thank you very much. Thank you guys. Just a few quick points on what I'm asking. First, there's no doubt that this district court was extraordinarily patient and careful in this case, and we're not saying otherwise. In the argument I'm making today, I'm not asking the court to send the case back and order the district court to allow Mr. Elam to withdraw the guilty plea. All I'm asking is for the court to send the case back, to allow the district court itself to reconsider, given the developments in the law, whether there may now be a fair and just reason to withdraw the guilty plea. And as far as the sentence, I'm not suggesting that this district court is going to say, I think that Mr. Elam should get time served. He's been in custody for about eight years now. He received a sentence of 25 years. But maybe the district court, in reevaluating things in the new mandatory minimums, may say, well, rather than 25 years, I think 20 years is enough. I mean, 20 years is a long time. Or maybe the district court may say, you know what, I think 17 years is an appropriate sentence rather than 25. We're still talking about an extraordinarily lengthy sentence. If the district court, in reevaluating the motion to withdraw the guilty plea, thinks that 25 years was the right thing and wouldn't have changed anything, then the district court could just simply say, I don't think there's a fair and just reason to withdraw the guilty plea, and it's over. But if the district court thinks that maybe there was five years too much here, or seven years, or three years too much, I think a district court can say, you know, I think there's a fair and just reason to allow the plea to be withdrawn and to allow him to replead and get resentenced. And that's it. And I'm just asking the court to allow the district court to reconsider and leave it to the district court to determine whether there's a fair and just reason. But unless there's a constitutional change in the law, isn't the way that what the district court did to be analyzed on the basis of what the district court had before, when it analyzed it, and not something of a non-constitutional nature that happens subsequently? Well, I think there is an exception, and that is the plain error doctrine. And for cases that are on direct review, if there has been a change in the law, this court can say, based on this change in the law, we think that given the new law that there is an error, or at least that there is something that the district court needs to reconsider, and that the fairness and integrity of the proceedings, which is the fourth prong of the plain error test, should allow a case to go back down for reconsideration. Typically, yes, you do evaluate what the district court considered, but when there have been changes in the law while the case is on direct review, that is an exception that allows reconsideration and remand. And so we would urge the court to do that in this particular instance. Well, reconsideration and remand for sentencing, if it were only a sentencing issue, but this is withdrawal of the plea. That seems like that's another issue than a sentencing issue. Right. Well, to reconsider withdrawal of the plea based on the new law and based on whether the district court feels that, given the new law, it would like to reconsider this case and reconsider the plea and the sentencing in this case. And that's all we're asking, and it's leaving it to the district court. So then all the cases that are in the pipeline, so to speak, would be entitled under that precedent to that same treatment. I don't think so, because we had a case where there was a motion to withdraw the guilty plea. If there wasn't a motion to withdraw the guilty plea, then I think you're going to have a real hard time arguing later, because, A, you're probably going to have an appellate waiver provision in your plea agreement, but, B, there was no motion to withdraw that was ever made in the district court. That's why I think this case is different from Baptiste, because there was no motion to withdraw on Baptiste. We do have a previously filed motion to withdraw the guilty plea. I'm out of time. Thank you. Thank you. Okay, that case, U.S. v. Elon, is submitted.
judges: Piersol, Nelson D. W., Ikuta